## GRAVELY v. UNITED STATES ex rel. BECKLEY COAL & COKE CO.

(Circuit Court of Appeals, Fourth Circuit. March 31, 1923.)

### No. 2069.

Injunction ⬦231—Conviction for contempt not disturbed on conflicting evidence.
A conviction for contempt for violating an injunction forbidding interference by strikers with mine employés will not be disturbed, where the testimony was conflicting and the instructions properly presented the law.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Contempt proceedings, on the relation of the Beckley Coal & Coke Company against L. N. Gravely and others, for violation of an injunction. From a judgment of conviction, the defendant named brings error. Affirmed.

Charles J. Van Fleet, of Charleston, W. Va. (Harold W. Houston, of Charleston, W. Va., on the brief), for plaintiff in error.

S. B. Avis, of Charleston, W. Va. (A. M. Belcher, of Charleston, W. Va., and J. H. McGinnis, of Beckley, W. Va., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. On April 14, 1922, Beckley Coal & Coke Company and other coal companies filed their bill in the District Court for the Southern District of West Virginia against the international organization, United Mine Workers of America, its officers and members, charging against the defendants conspiracy in restraint of interstate trade and commerce, and asking for a temporary restraining order or a preliminary injunction. On the same day a restraining order was made. On April 24, 1922, the court upon a hearing found the existence of the conspiracy and awarded a temporary injunction. On petition for a supersedeas pending appeal, this court decreed that the injunction be suspended until its further order, except in the following particulars:

(1) The said injunctional decree is not suspended in so far as it restrains the said defendants and each of them from interfering with the employees of the plaintiffs or with men seeking employment at their mines by menaces, threats, violence or injury to them, their persons, families, or property, or abusing them, or their families, on by doing them violence in any way or manner whatsoever, or by doing any other act or thing that would interfere with the right of such employees and those seeking employment to work upon such terms as to them seem proper, unmolested, and from in any manner injuring or destroying the properties of the plaintiffs, or either of them, or from counseling or advising that these plaintiffs should in any way or manner be injured in the conduct and management of their business and in the enjoyment of their properties and property rights.

(2) The said injunctional decree is not suspended in so far as it restrains the said defendants and each of them from trespassing upon the properties of the plaintiffs or either of them, or by themselves or in co-operation with others from inciting, inducing, or persuading the employees of the plaintiffs to break their contracts of employment with the plaintiffs.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(3) The said injunctional decree is not suspended in so far as it restrains the said defendants and each of them from aiding or assisting any other person or persons to commit or attempt to commit any of the acts herein enjoined.

On July 11, 1922, the plaintiff in error, L. N. Gravely, together with E. W. Gravely and Vincent Dwyer, on the relation of the Beckley Coal & Coke Company, were charged on affidavits presented to the court with contempt of the court by violation of the order of injunction. An order was made on the same day requiring them to show cause why they should not be punished for violation of the injunction. The defendants answered denying the charge of contempt. On their demand the following bill of particulars was filed July 27, 1922:

"That on, to wit, the 3d day of June, 1922, in Raleigh county, W. Va., at or near the mining plant of said Beckley Coal & Coke Company, in said county, the said L. M. Gravely, E. W. Gravely, and Vincent Dwyer willfully and unlawfully interfered with and abused one William Fink, who was then and there an employee of said Beckley Coal & Coke Company by menaces and threats of violence and injury to him; in the course of the making of which said threats the said defendants said to the said William Fink, in substance and effect, 'We are going to make you leave here; you may not think that you are going, but you are,' meaning, to wit, that they were going to make the said William Fink leave the employ and mining operations of said Beckley Coal & Coke Company."

The defendants then pleaded not guilty and on their demand the court ordered a jury trial. After the evidence was taken, on motion of the relator the proceeding was dismissed as to E. W. Gravely and Vincent Dwyer and a verdict of guilty of contempt as charged was found against L. N. Gravely.

The errors assigned are in entering judgment against the defendant L. N. Gravely and in the refusal of the court to grant a new trial. There were no exceptions to admission or rejection of testimony and no exception to the charge. The court was not asked to direct a verdict of acquittal.

The witness Fink testified to violent threats against him and abuse of him as an employee of the Beckley Coal & Coke Company, accompanied by demand that he should leave. The plaintiff in error denied the threats and efforts to intimidate Fink. On the trial the judge instructed the jury that if they believed Fink, the plaintiff in error was guilty, that if they believed the plaintiff in error he was not, and that they could not convict unless they were satisfied of his guilt beyond a reasonable doubt.

The writ of error is without the semblance of merit.

Affirmed.